IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| HARRY W. ANDERSON, | ) |
| --- | --- |
| Plaintiff, | ) |
| v. | ) Civ. Action No. 14-747-GMS |
| CARL DANBERG, et al., | ) |
| Defendants. | ) |

## MEMORANDUM

The plaintiff, Harry Wilbert Anderson ("Anderson"), an inmate at the James T. Vaughn Correctional Center ("VCC"), Smyrna, Delaware, filed this lawsuit pursuant to 42 U.S.C. § 1983.[1] (D.I. 3.) He appears *pro se* and was granted permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (D.I. 5.) The court proceeds to review and screen the complaint.

## I. BACKGROUND

On June 8, 2012, Anderson was arrested and charged with resisting arrest and criminal trespass. A cash bail was imposed on each charge during the arraignment in the case (No. 1206005682).[2] During the arraignment, the presiding judge took note of a May 28, 2012 traffic charge (No. 1205023492) and imposed an additional cash bail on that charge. On June 13, 2012,

---

[1] When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

[2] Anderson pled guilty to resisting arrest on September 13, 2012, but was allowed to withdraw the plea on December 4, 2012. In the meantime, Anderson was arrested on June 22, 2012, and indicted on September 24, 2012, on multiple counts of felony theft, burglary in the third degree, and criminal mischief. On February 21, 2013, the resisting arrest case was dismissed, and on June 6, 2013, a cell phone and other property seized from Anderson incident to his arrest were returned to him. He was arrested on August 6, 2013 on charges of burglary in the third degree, possession of a burglary tool, misdemeanor theft, and criminal mischief. The case was dismissed on September 23, 2013. *Anderson v. State*, 2014 WL 3511717 (Del. 2014).

the Court of Common Please modified the bail set from cash to unsecured. Anderson was not released "due to someone at Central Office of Records, placing a false administrative warrant for a violation of probation." (D.I. 3 at 5.) Anderson alleges that, in turn, he was being released, an administrative warrant for VOP was issued on June 18, 2012, he was arrested on burglary charges, convicted and sentenced to ten years. Anderson alleges this was "all due to the false document of the administrative warrant of the VOP" that caused him not to be released.[3] Named as defendants are former Delaware Department of Correction ("DOC") Commissioner Carl Danberg ("Danberg"), former Director at Central Office of Records ("COR") Director Cathy Escherich ("Escherich"), and current COR Director Rebecca McBride ("McBride"). Anderson seeks declaratory relief and compensatory and consequential damages.

## II. STANDARD OF REVIEW

This court must dismiss, at the earliest practicable time, certain *in forma pauperis* and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2) (*in forma pauperis*

---

[3]On January 24, 2013, after an extended colloquy, Anderson pled guilty to two counts of burglary in the third degree. The State dismissed the balance of the indictment, agreed to seek habitual offender sentencing on only one count, and recommended no more than six years at Level V on that count. The sentencing hearing was held on September 20, 2013, and the Superior Court allowed Anderson to make an oral motion to withdraw his guilty plea. When asked to give his reasons for withdrawing the plea, Anderson asserted that he "was totally under duress" at the January 24, 2013 guilty plea proceeding because his defense counsel had refused to file a motion to suppress and to take other action in support of his defense. Anderson also asserted that withdrawal of the guilty plea was justified because his defense counsel had a conflict of interest. After hearing from Anderson and his defense counsel, the Superior Court found that Anderson had given the guilty plea knowingly, intelligently, and voluntarily on January 24, 2013, and denied the motion to withdraw the guilty plea. Anderson appealed the denial of the motion to withdraw the guilty plea. On July 14, 2014, the Delaware Supreme Court affirmed the judgment of the Superior Court. *Anderson*, 2014 WL 3511717.

2

actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Anderson proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *see, e.g., Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the court

3

must grant Anderson leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678. When determining whether dismissal is appropriate, the court must take three steps: "(1) identify[] the elements of the claim, (2) review[] the complaint to strike conclusory allegations, and then (3) look[] at the well-pleaded components of the complaint and evaluat[e] whether all of the elements identified in part one of the inquiry are sufficiently alleged." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## III. DISCUSSION

### A. Personal Involvement/Respondeat Superior

The complaint attempts to raise claims against Danberg, Escherich, and McBride, all of whom hold or held supervisory positions. A defendant in a civil rights action must have personal involvement in the alleged wrongs to be liable and cannot be held responsible for a constitutional violation which he or she neither participated in nor approved." *Baraka v. McGreevey*, 481 F.3d 187, 210 (3d Cir. 2007). "Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207

4

(3d Cir. 1988). As is well established, supervisory liability cannot be imposed under § 1983 on a respondeat superior theory. *See Iqbal*, 556 U.S. 662; *Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976).

The claims against the defendants are subject to dismissal as they are based solely on the theory of respondeat superior. *See Iqbal*, 556 U.S. at 676-77 (supervising entities, be they governmental, juridical or natural, "may not be held liable for unconstitutional conduct of their subordinates under a theory of respondeat superior," which means that a plaintiff must allege facts showing each entity's personal involvement in the alleged wrong); *see also Colburn v. Upper Darby Twp.*, 946 F.2d 1017, 1027 (3d Cir. 1991). Here, the complaint, while lengthy, is void of any facts personally implicating the foregoing defendants. Therefore, the court will dismiss the complaint as frivolous pursuant to 28 U.S.C. §1915(e)(2)(B)(i) and § 1915A(b)(1).

### B. Habeas Corpus

To the extent that Anderson attempts to challenge his conviction and/or sentence, his sole federal remedy for challenging the fact or duration of his confinement is by way of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475 (1973); *see also Torrence v. Thompson,* 435 F. App'x 56 (3d Cir. 2011) (unpublished). Furthermore, a plaintiff cannot recover under § 1983 for alleged wrongful incarceration unless he proves that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. *See Heck v. Humphrey*, 512 U.S. 477, 487 (1994).

Here, Anderson has not alleged or proven that his conviction or sentence was reversed or invalidated as provided by *Heck*. To the extent Anderson seeks damages for his current

5

incarceration, his claim rests on an "inarguable legal conclusion" and is, therefore, frivolous. *Neitzke*, 490 U.S. at 326. Therefore, the court will dismiss the claim as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and §1915A(b)(1).

## IV. CONCLUSION

For the above reasons, the court will deny as moot the request for counsel (D.I. 7) and will dismiss the complaint as frivolous pursuant to 28 U.S.C. §1915(e)(2)(B)(i) and § 1915A(b)(1). Amendment of the claim would be futile. *See Alston v. Parker*, 363 F.3d 229 (3d Cir. 2004); *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 111 (3d Cir. 2002); *Borelli v. City of Reading*, 532 F.2d 950, 951-52 (3d Cir. 1976).

An appropriate order will be entered.

UNITED STATES DISTRICT JUDGE

_____, 2014
Wilmington, Delaware